IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey corporation,

Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff State Farm Fire and Casualty Company, as and for its claims for relief against Defendant Samsung Electronics America, Inc., states and alleges:

**PARTIES AND JURISDICTION**

1. Plaintiff State Farm Fire and Casualty Company ("State Farm") is an insurance company organized and existing under and by virtue of the laws of the State of Illinois, with its principal place of business at One State Farm Plaza, Bloomington, Illinois and was authorized to issue policies of insurance in the State of New Mexico.

2. Defendant Samsung Electronics America, Inc. ("Samsung") is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey.

3. This Court's jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S. Code 1332(a)(1) and (2), in that Plaintiff and Samsung are citizens of different states, and the amount in controversy herein, exclusive of interest and costs, exceeds the sum of $75,000.00.

## GENERAL ALLEGATIONS

4. At all times relevant, State Farm issued a policy of insurance to Ryker Varnell-Tackitt ("Varnell-Tackitt") which insured certain real and personal property owned by Varnell-Tackitt located at 721 El Paso Drive, Farmington, New Mexico (the "Subject Premises").

5. Upon information and belief, at all times relevant herein, Defendant Samsung designed, manufactured, tested, sold and distributed consumer appliances, including electric ranges.

6. Upon further information and belief, Defendant Samsung manufactured a Samsung Model NE58K9430SS electric range (the "Subject Model Range"), bearing Serial No. 0D227DCM300414D (the "Subject Range").

7. The Subject Range was manufactured in March 2019 by Samsung.

8. The Subject Range was ultimately purchased and installed at the Subject Premises.

9. On or about February 24, 2024, a fire occurred at the Subject Premises (the "Subject Fire").

10. The Subject Fire occurred sometime after the Subject Range had last been used by Varnell-Tackitt, and after the controls for the range-top heating elements had been turned "off".

11. On February 24, 2024, Varnell-Tackitt did not utilize the Subject Range for any cooking purposes and left the Subject Premises around 9:30 a.m. At approximately 10:00 a.m., a neighbor called 911 to report the Subject Fire.

12. The right front knob control on the Subject Range was in the "on" position, either because Varnell-Tackitt's dog or a member of his family, bumped it and inadvertently activated

the Subject Range's burner. The Subject Fire was caused by the inadvertent activation of one of the range-top heating elements on the Subject Range, due to the defective and unreasonably dangerous design of the controls for the range-top heating elements.

13. Specifically, the front-mounted control knobs for the range-top heating elements on the Subject Range were prone to inadvertent activation by accidental contact by humans or pets under foreseeable circumstances, and an occupant of the Subject Premises unknowingly and inadvertently made incidental contact with one of the range-top heating elements, activating the element which, in turn, ignited nearby combustible material.

14. Commencing in 2013, and prior to the date of manufacture of the Subject Range, Samsung had been notified of essentially identical incidents of inadvertent activation of range-top heating elements on Samsung ranges which had controls that were identical to, or substantially similar to, the range-top heating element controls on the Subject Range.

15. Prior to February 24, 2024, Samsung was informed or otherwise made aware of more than 300 hundred reports of unintentional activation of front-mounted knobs causing approximately 250 fires, 40 personal injuries, and 7 pet deaths, all of which Samsung admits in its August 8, 2024, recall.

16. In part, Samsung is made aware of the inadvertent activation of the control knobs on its Subject Model Ranges through complaints made on its own website.

17. On its website, Samsung represents that "the knobs on Samsung ranges are designed to meet the requirements set by international standards, which requires a two-factor mechanism. This means two movements are simultaneously required to turn on an element: pushing in and turning. The knob will not turn unless force is being applied to push it inwards.

All ranges with knobs must meet this standard and Samsung is no exception."

18. Notwithstanding the fact that Samsung admits its knobs must meet international standards requiring a two-step activation, Samsung admits the range can be "activated unintentionally if sufficient force (pushing and turning) is applied, either by a person or pet in the household."

19. Despite Samsung's prior awareness of the many hazardous incidents of inadvertent range-top heating element activation resulting in fires, Samsung took no action to address the issue until August 8, 2024, when it issued a recall of the Subject Model Range and other ranges having range-top heating element controls that were identical or substantially similar to the controls on the Subject Range, and offered corrective measures to alleviate the known hazards posed by the defective controls.

20. The corrective measures which Samsung offered in connection with the recall of the Subject Model Range were feasible when Samsung manufactured, marketed, distributed and sold the Subject Range.

21. In fact, in United States Patent Application Number 16/586,758, which Samsung filed with the United States Patent and Trademark Office on September 27, 2019, before Samsung manufactured and sold the Subject Range, Samsung stated that, in order to avert the "fire/burn" hazard from unintentional activation of the range-top heating element controls, "the cooking appliance needs to include a knob stopper for preventing an unintended operation of the knob assembly or a knob cap for opening and closing the knob assembly".

22. Notwithstanding Samsung's September 27, 2019 statement in United States Patent Application Number 16/586,758 about the need for "a knob stopper for preventing an

unintended operation of the knob assembly or a knob cap for opening and closing the knob assembly" to address the "fire/burn' hazard from unintentional activation of the range-top heating element controls, the Subject Range which Samsung manufactured in 2020 and thereafter distributed, marketed and sold was not equipped with knob caps or knob stoppers, although Samsung did offer these items when it finally recalled the Subject Model Ranges and other ranges having range-top heating element controls that were identical or substantially similar to the controls on the Subject Range approximately four months after Samsung was notified of the Subject Fire.

23. The Subject Fire caused extensive damage to and destruction of the Subject Premises and its contents and caused Varnell-Tackitt to incur damages, costs and expenses.

24. Varnell-Tackitt duly made a claim under his policy for the damages which resulted from the Subject Fire and State Farm to date, duly made payment to or on behalf of Varnell-Tackitt, for such damages in excess of $75,000.00.

25. Under and pursuant to the terms of Varnell-Tackitt's policy, and otherwise by operation of law, and to the extent of the payments State Farm has made, State Farm is duly subrogated to Varnell-Tackitt's rights against Samsung.

**FIRST CLAIM FOR RELIEF**
**(Negligence)**

26. Plaintiff restates and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

27. Defendant Samsung developed, designed, manufactured, assembled, labeled, tested, sold and distributed the Subject Range. As a manufacturer, distributor and/or seller of a consumer product, Defendant owes a duty to Plaintiff, and its insured, to provide safe and quality

products, and a duty to provide a product that would perform as it was intended and expected. Defendant also owed a duty to Plaintiff to provide adequate instructions and warnings for proper and safe use of the product.

28. The Subject Fire and the resulting damages were caused by the negligent acts and omissions of Samsung and its agents and employees, including but not limited to negligence in:

(a) Failing to design and manufacture the Subject Model Range, including the Subject Range, in a fashion that would avoid the foreseeable hazard of inadvertent activation of the range-top heating elements;

(b) Failing to design and manufacture the Subject Model Range, including the Subject Range, in conformance with governing and generally accepted safety standards applicable to the range-top heating element controls and to safe product design generally, including but not limited to requirements that the controls be effectively guarded against inadvertent activation and that the controls themselves require two discrete actions, at specified levels of force, in order to activate the heating elements, which standards would have precluded equipping the Subject Range with range-top heating element controls that were prone to inadvertent activation under foreseeable circumstances;

(c) Failing to equip the Subject Range with knob caps or knob stoppers, or both;

(d) Otherwise failing to design and manufacture the Subject Range so that the range-top heating element controls were not prone to inadvertent

activation under foreseeable circumstances;

(e) Continuing to sell the Subject Model Range and other ranges having front-mounted controls for the range-top heating elements that were identical or substantially similar to the controls on the Subject Model Range, and the Subject Range, after Samsung was made aware of the hazard of inadvertent range-top heating element activation;

(f) Failing to provide adequate warning that the range-top heating elements on the Subject Model Range, and the Subject Range, posed a latent fire and burn hazard because they were prone to inadvertent activation under foreseeable circumstances;

(g) Failing to provide timely and adequate post-sale warning that the range-top heating elements on the Subject Model Range, and the Subject Range, posed a latent fire and burn hazard because they were prone to inadvertent activation under foreseeable circumstances;

(h) Failing to timely recall the Subject Model Range, and the Subject Range; and

(i) Otherwise failing to exercise reasonable care under the circumstances.

29. As a direct and proximate result of the negligence of Defendant, Varnell-Tackitt sustained damages to the Subject Premises and his personal property therein.

30. As a direct and proximate result of the defect in the Subject Range and resulting fire, Plaintiff incurred damages and losses in amounts to be proven at the time of trial. Plaintiff has suffered damages in the amounts it paid to remediate property damage caused from fire, smoke

and water and the amount paid to replace damaged personal property. Plaintiff has also sustained damages in providing alternative housing for Varnell-Tackitt during the time the Subject Premises was reconstructed.

**SECOND CLAIM FOR RELIEF**
**(Strict Liability)**

31. Plaintiff restates and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

32. Defendant Samsung was engaged in the business of manufacturing, selling, and distributing the Subject Model Range, including the Subject Range, for use by property owners such as Varnell-Tackitt.

33. The Subject Range as manufactured, marketed, distributed and sold by Samsung was in a defective condition unreasonably dangerous to users, consumers, and others whose property was subject to foreseeable harm because the front-mounted control knobs for the range-top heating elements on the Subject Range did not perform as an ordinary consumer would expect as the control knobs were prone to inadvertent activation by accidental contact under foreseeable circumstances, and because Samsung failed to provide adequate warning that the range-top heating elements on the Subject Range posed a latent fire and burn hazard because they were prone to such inadvertent activation under foreseeable circumstances.

34. The Subject Range was defective at the time it was sold by, or left Samsung's custody and control.

35. The Subject Range was expected to, and did, reach the user without substantial change in the condition in which it was sold.

36. The Subject Fire occurred because the front-mounted control knobs for the range-

top heating elements on the Subject Range were prone to inadvertent activation under foreseeable circumstances, and because Samsung failed to provide adequate warning that the range-top heating elements on the Subject Range posed a latent fire and burn hazard because they were prone to such inadvertent activation under foreseeable circumstances.

37. Samsung was aware that a reasonable alternative safer design, such as the use of a knob stopper or knob cap, could have been practically adopted at the time of sale or distribution of the Subject Range.

38. The alternative design would have reduced or avoided the foreseeable risks of harm posed by the Subject Range. The omission of a knob stopper or knob cap renders the Subject Range not reasonably safe.

39. The alternative design would have reduced or prevented the harm incurred by Varnell-Tackitt and State Farm.

40. As a direct and proximate result of the defect in the Subject Range and resulting fire, Plaintiff incurred damages and losses in amounts to be proven at the time of trial. Plaintiff has suffered damages in the amounts it paid to remediate property damage caused from fire, smoke and water and the amount paid to replace damaged personal property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff State Farm Fire and Casualty Company demands judgment against Defendant Samsung Electronics America, Inc. as follows:

a. For damages in an amount to be proven at the time of trial;

b. For pre-judgment interest as allowed by law;

c. For costs and expenses of suit as allowed by statute; and

d. For such other and further relief as the court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all counts so triable.

Dated: April 16, 2026.

**COZEN O'CONNOR**

_*s/ Benjamin Migliorino*_____________________
Benjamin Migliorino, #162375
Cheri MacArthur, *Pro Hac Vice Pending*
Cozen O'Connor
4601 DTC Boulevard, Suite 825
Denver, CO 80237
Telephone: (720) 479-3900
bmigliorino@cozen.com
cmacarthur@cozen.com
*Attorneys for Plaintiff*
*State Farm Fire and Casualty Company*